UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CORNELIUS MARTIN, II,

                                    Petitioner,

             v.                                                    **DECISION AND ORDER**
                                                                   04-CR-313S
                                                                   05-CV-872S

UNITED STATES OF AMERICA,

                                    Respondent.

## I.  INTRODUCTION

        Presently before this Court are pro se Petitioner's various motions under 28 U.S.C.

§ 2255 challenging his federal sentence.  For the reasons discussed below, Petitioner's

motions are denied.

## II.  BACKGROUND

        On November 29, 2004, Petitioner appeared before this Court, executed a Waiver

of Indictment, and pled guilty to a single-count Information charging him with wire fraud in

violation of 18 U.S.C. § 1343.  That charge carried a possible maximum sentence of 5

years and a $250,000 fine.  (Docket No. 3, ¶ 1.[1])

        Under the terms of the plea agreement, Petitioner and the Government agreed that

the total offense level, including a reduction for Petitioner's acceptance of responsibility,

was 19, and that Petitioner's criminal history category was I, which resulted in a Guidelines

sentencing range of 30 to 37 months, a fine of $6,000 to $60,000, and a period of

supervised release of 2 to 3 years.  (Docket No. 3, ¶¶ 11, 13, 14.)  Petitioner acknowledged

---

[1]Docket citations are to the criminal case — 04-CR-313S.

that he understood that the court must also impose restitution in an amount not exceeding $1,752,820.  (Docket No. 3, ¶ 2.)

Also included in the plea agreement is Petitioner's acknowledgment that he "knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2), and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine, and supervised release set forth in Section II above, even though the Court may reach the sentence by a Guidelines analysis different from that set forth in this agreement."  (Docket No. 3, ¶ 20.)

On May 6, 2005, Petitioner, through his counsel, filed his Statement with Respect to Sentencing Factors, wherein he adopted the findings in the Probation Officer's PreSentence Investigation Report ("PSR"), except for the calculation of relevant conduct and restitution.  (Docket No. 7.)

On May 11, 2005, this Court sentenced Petitioner to a 37-month term of imprisonment and 3-year term of supervised release, and ordered him to pay $1,781,987.96 in restitution.  (Docket No. 11.)  The Clerk of the Court filed the sentencing judgment on May 24, 2005.  (Docket No. 11.)  Petitioner did not appeal.

On December 14, 2005, Petitioner filed a Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255.  (Docket No. 13.)  After that motion was fully briefed and pending before this Court, Petitioner filed a "Motion for Leave to Amend Instant 2255 for Modification of the Restitution Amount" and a "Motion to Amend Supervisory Release."  (Docket Nos. 23, 24.)  As Petitioner requests, this Court has considered these two motions as amendments to his original § 2255 motion.  But for the reasons that follow, all of Petitioner's motions are denied.

2

## III.  DISCUSSION

### A.     Standard of Review

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences.  That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.' " Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

### B.     Petitioner's Claims

Petitioner raises several claims.  First, he contends that this Court violated Rule 32 of the Federal Rules of Criminal Procedure by not resolving his objections to the PSR at the time of sentencing.   Second, he challenges the correctness of the restitution calculation.  Third, he challenges several of his conditions of supervised release.  Finally,

he argues that his counsel was ineffective at the time of sentencing.[2]  Petitioner seeks reduction of his sentence, amendment of his PSR, and elimination of several conditions of his supervised release.  None of Petitioner's arguments have merit.

It is well-settled that federal prisoners may not use § 2255 as a substitute for a direct appeal.  United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.").  This is particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea.  Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)).  Petitioner never appealed his conviction or sentence.  His challenges to this Court's alleged failure to comply with Rule 32, to the correctness of the restitution order, and to his conditions of supervised release are therefore barred.

Moreover, it is well-settled in the Second Circuit that an individual's knowing and voluntary waiver of his right to appeal a sentence within an agreed-upon Guideline range is enforceable.  See, e.g., United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998) (per curiam).  Here, Petitioner waived his right to appeal his sentence if it fell within the agreed-upon

---

[2]Petitioner also sought immediate placement in a Bureau of Prisons facility.  But he concedes that this claim is now moot because he was designated to such a facility while his motions were pending.  (See Docket Nos. 18, 20.)

4

Guideline range, which it did.  (Docket No. 3, ¶ 20.)  Petitioner's challenges to this Court's alleged failure to comply with Rule 32, to the correctness of the restitution order, and to his conditions of supervised release are therefore also barred by the terms of his plea agreement.

In any event, even if this Court set aside these procedural defaults, Petitioner's claims still fail on their merits.  Petitioner first argues that this Court failed to resolve his objections to the PSR under Rule 32(i)(3), which requires that sentencing courts resolve disputes regarding the PSR or determine that resolution is unnecessary because the matter does not affect or will not be considered for sentencing.  Specifically, Petitioner argues that this Court failed to resolve his objection to paragraph 36 of the PSR, wherein the probation officer stated that Petitioner was extradited from Canada to Ohio on a previous occasion.  This, Petitioner avers, caused this Court to deny his request for voluntary surrender.  But Petitioner did not object to this portion of the PSR, and in any event, the sentencing transcript reveals that the reference to Petitioner being extradited played no role in this Court's determination that voluntary surrender was inappropriate.

As noted, Petitioner's written objections to the PSR concerned only the calculation of relevant conduct and restitution.[3]  (Docket No. 7.)  In all other respects, Petitioner adopted the findings in the PSR.  (Docket No. 7.)  Then, at sentencing, Petitioner withdrew his objections and never raised an objection to paragraph 36.  (Docket No. 16, p. 3, 6-9.)  Further, this Court did not include paragraph 36 in the portion of the PSR that it adopted

---

[3]Petitioner's counsel objected to paragraph 36 with the probation officer in an attempt to get him to delete his inclusion of the extradition proceeding, but those objections were not thereafter raised with this Court, despite the fact that the probation officer did not change paragraph 36.

as its findings of fact supporting Petitioner's sentence.  (Docket No. 16, p. 8.)  Because

Petitioner failed to object to the PSR, there was nothing for this Court to resolve under Rule

32, and therefore no error.

Additionally, Petitioner's contention that this Court relied on paragraph 36 in

reaching its decision to deny voluntary surrender is directly contradicted by the transcript

of the sentencing proceeding.  After imposing sentence, this Court ruled as follows:

> As far as release pending designation, voluntary surrender
> denied.  I think that there should be and it is necessary due to
> what I consider to be risks of flight as well as issues that
> concern the financial danger of the public and individuals,
> given the obsessive and long-standing conduct that has been
> involved in this case with this particular defendant, and the
> possibility of flight given other charges, other districts,[4] and the
> serious nature of this crime, there will be immediate remand to
> the custody of the United States Marshal Service.

(Docket No. 16, p. 44.)  Thus, the discussion of extradition proceedings in paragraph 36

of the PSR was not a factor in this Court's decision to deny voluntary surrender.

Second, although Petitioner now challenges the amount of restitution, he did not

object to the restitution figure at the time of sentencing.  In fact, he *withdrew* his objections

to the relevant conduct calculation (which arguably would impact the restitution figure) on

the date of sentencing and advised this Court that they were moot.  (Docket No. 16, p. 2-3.)

Thus, Petitioner had the opportunity to pursue objections to the restitution amount, but

waived his rights to do so when he did not object at sentencing.

---

[4]Racketeering charges were pending against Petitioner in Georgia at the time of sentencing.

Third, Petitioner argues that several of his conditions of supervised release are unwarranted.  District courts have broad discretion to tailor supervised release conditions to individual defendants so long as the conditions "bear a reasonable relationship to the rehabilitation of the offender and the protection of the public."  United States v. A-Abras, Inc., 185 F.3d 26, 30, 34 (2d Cir. 1999).  Petitioner failed to challenge the conditions of his supervised release on direct appeal and therefore cannot do so now.  Even so, this Court reiterates its initial finding that each of the eight special conditions imposed by this Court are reasonable and tailored to prevent Petitioner from further engaging in criminal conduct.

Finally, Petitioner argues that he received ineffective assistance of counsel as it relates to the calculation of the restitution amount in this case.  Although this claim was not raised through direct appeal, the United States Supreme Court has held that an ineffective assistance of counsel claim may be raised in a § 2255 motion even if it was not raised on direct appeal.  Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003); see also Graff v. United States, 269 F.Supp.2d 76, 78-79 (E.D.N.Y. 2003) (discussing Massaro).

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence."  U.S. CONST. amend VI.  It is well-established that "the right to counsel is the right to the effective assistance of counsel."  Eze v. Senkowski, 321 F.3d 110, 124 (2d Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

The standard for determining whether a defendant was provided with effective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To establish a claim under the Strickland standard, "a

7

defendant must show (a) that counsel's representation 'fell below the objective standard of reasonableness' based on 'prevailing professional norms' and (b) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Eze, 321 F.3d at 123 (quoting Strickland, 466 U.S. at 688, 694).

When a conviction is secured by way of plea, the second Strickland factor is modified to require a defendant to demonstrate that but for counsel's unprofessional errors, he would not have pled guilty.  See Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Tate v. Wood, 963 F.2d 20, 26 (2d Cir. 1992).  There is a strong presumption in favor of the reasonableness of an attorney's performance.  See Gilbert v. United States, 05-CV-325, 2006 WL 1174321, at *3 (N.D.N.Y. May 2, 2006) (citing Strickland, 466 U.S. at 688).

There is no merit to Petitioner's ineffective assistance of counsel claim.  The restitution amount was discussed at length with the probation officer and Petitioner's counsel did in fact initially raise an objection to the restitution figure.  That objection was withdrawn at sentencing with Petitioner's full knowledge and consent.  Moreover, the loss figure that Petitioner agreed to in his plea agreement ($1,752,820) is only slightly less than the restitution figure ($1,781,987.96).  (Docket No. 3.)  In this Court's view, Petitioner has not established that counsel's conduct was objectively unreasonable or that there would have been a different result but for counsel's conduct.  Accordingly, this Court finds that Petitioner has failed to meet the Strickland/Hill standard.

**C.      Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).  To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Rhagi v. Artuz</u>, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted).  Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's motions – other than to the extent they seek to amend his original § 2255 motion — are denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 13) is DENIED.

FURTHER, that Petitioner's "Motion for Leave to Amend Instant 2255 for Modification of the Restitution Amount" (Docket No. 23) is DENIED.

FURTHER, that Petitioner's "Motion to Amend Supervisory Release" (Docket No.

24) is DENIED.

FURTHER, that a Certificate of Appealability is DENIED.

FURTHER, that the Clerk of the Court is directed to close 05-CV-872S.

SO ORDERED.

Dated:        September 26, 2007
              Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge